UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENOVA ENERGY CORP., | Case No. 1:22-cv-00999-JLT-EPG |
| Plaintiff, | ORDER VACATING HEARING, REQUIRING SUPPLEMENTAL BRIEF AS TO SERVICE |
| v. | |
| | (ECF No. 12) |
| SALVADOR CUEVAS, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Renova Energy Corp.'s motion for default judgment in this action alleging claims under the Lanham Act, which stem from the alleged use of marks registered to Plaintiff by Defendants Salvador Cuevas; Renova Home Improvements; Renova Home Energy Solutions; Inc.; Renova Energy Efficiency, Inc.; and Renova Enterprise. (ECF Nos. 4, 12).

Upon review of the motion for default judgment, the Court will vacate the hearing set for February 3, 2023, and will order Plaintiff to file a supplemental brief in support of the motion for default judgment.

"Before assessing the merits of a default judgment," a court must address certain preliminary issues, such as "the adequacy of service on the defendant." *Forestiere v. Bazzi*, No. 20-cv-03543-DMR, 2021 WL 2638052, at *2 (N.D. Cal. June 8, 2021), *report and recommendation adopted*, No. 20-CV-03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25, 2021). Here, Plaintiff's motion asserts that Defendants were properly served, citing the proofs of

1

service filed in this case. (ECF No. 12, p. 8, citing ECF No. 8).

With each proof of service, there is a declaration from the same process service agent, stating that each Defendant was served by "substituted service" at 1423 Hickory Ave., Madera, California, 93637 in the following manner: "On: Tue, Aug 23 2022 at: 08:25 AM by leaving the copies [of the complaint and summons] with or in the presence of: JOHN DOE (Hispanic, Male, 40s, Black Hair, Brown Eyes, 5'10", 200 Pounds), authorized to accept served under F.R.C.P. Rule 4." (ECF No. 8, p. 1; ECF No. 8-1, p. 1; ECF No. 8-2, p. 1; ECF No. 8-3, p. 1; ECF No. 8-4, p. 1). Further, each Defendant was mailed a copy of the complaint and summons on August 23, 2022. (ECF No. 8, p. 3; ECF No. 8-1, p. 3; ECF No. 8-2, p. 3; ECF No. 8-3, p. 3; ECF No. 8-4, p. 3). Although the declarations assert that the John Doe was "authorized to accept serv[ice] under F.R.C.P. Rule 4," no explanation or specific provision of Rule 4 is cited to support this assertion.

According to the complaint, four of the Defendants, "Renova Home Improvements, Renova Home Energy Solutions, Inc., Renova Energy Efficiency, Inc., and Renova Enterprises are each California entities with the same principal place of business at 4991 East Mckinley Avenue, Suite 118, Fresno, California 93727." (ECF No. 4, p. 2). One means to serve a business entity is Federal Rule of Civil Procedure 4(h)(1)(b), which provides that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served" by a plaintiff "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Here, there is nothing to suggest that the John Doe is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" under Rule 4(h)(1)(B). However, the Ninth Circuit has concluded that service is not strictly limited to such categories of persons but that "service can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists*, *Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks and citations omitted).

2

Determining whether a person fits this description requires "a factual analysis of that person's authority within the organization." *Id.* (internal citation omitted). But Plaintiff has failed to provide facts showing that the John Doe, who Plaintiff served at an address different than the entities' principal place of business, was a person with sufficient authority to accept service. *See NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, No. C-04-3955 SC (JCS), 2009 WL 4258550, at *2 (N.D. Cal. Nov. 24, 2009) (concluding that service of subpoenas on administrative assistant was not proper under Rule 4(h)(1)(B) where "there [was] no evidence that [she] [was] a person with sufficient authority to accept personal service" on behalf of a gaming agency). However, if Plaintiff intends to rely on this provision to establish service, Plaintiff will be given leave in a supplemental brief to explain how the requirements of this provision were met.

Additionally, the Court notes that Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(h)(1)(A). Because the proofs of service reference "substituted service," one California provision that might be applicable here is California Code of Civil Procedure § 415.20(a), which provides for substituted service on business entities as follows:

> [B]y leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof.

Cal. Civ. Proc. Code § 415.20(a).

If Plaintiff wishes to rely on this provision, Plaintiff may explain its grounds for doing so in a supplemental brief, including explaining how the John Does was "apparently in charge" of the office.

As for the remaining Defendant, Salvador Cuevas, Rule 4(e)(2)(B) provides one method of serving an individual by "leaving a copy of [the complaint and summons] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

3

Additionally, service on an individual may be achieved by following state law. Fed. R. Civ. P. 4(e)(1). One provision that might be applicable is California Code of Civil Procedure § 415.20(b), which provides for substituted service on an individual as follows:

> [B]y leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b).

Here, the proof of service for Cuevas, checks a box, without offering any supporting facts, stating that the John Doe was "a person of suitable age and discretion who resides [at the address residence or usual place of abode]." (ECF No. 8, p. 1). At this time, the Court does not address whether such is sufficient to establish service on Cuevas. However, the Court finds it noteworthy that Plaintiff appears to be representing that the John Doe who purportedly lives at the residence with Salvador Cuevas, is also the same person that is adequate to accept service on behalf of the four other Defendants, which are all business entities. Plaintiff will be given leave to offer in its supplemental brief any additional explanation or evidence as to how service was achieved on Cuevas.

Based on the foregoing, IT IS ORDERED as follows:

1. The hearing set for February 3, 2023 (ECF No. 13) is vacated to be reset at a later date if the Court determines that a hearing is necessary.

2. Plaintiff shall have until February 13, 2023, to file a supplement brief identifying the specific provisions under which service was achieved for each Defendant and explaining how all requirements of the applicable provisions were met. Plaintiff may also submit additional evidence in support of service.

\\\
\\\
\\\

4

3. Failure to comply with this order may result in the Court recommending that the motion for default judgment be denied.

IT IS SO ORDERED.

Dated:  **January 23, 2023**                          /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE