1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                              EASTERN DISTRICT OF CALIFORNIA

9

10   RENOVA ENERGY CORP.,                    Case No. 1:22-cv-00999-JLT-EPG

11                Plaintiff,                  FINDINGS AND RECOMMENDATIONS,
                                             RECOMMENDING THAT PLAINTIFF'S
12          v.                               REQUESTS FOR JUDICIAL NOTICE BE
                                             GRANTED AND THAT PLAINTIFF'S
13                                           MOTION FOR DEFAULT JUDGMENT
     SALVADOR CUEVAS, et al.,                BE DENIED WITHOUT PREJUDICE
14
                  Defendants.                (ECF Nos. 12, 15)
15
                                             OBJECTIONS, IF ANY, DUE WITHIN
16                                           FOURTEEN DAYS

17          This matter is before the Court on Plaintiff Renova Energy Corp.'s motion for default

18   judgment in this action alleging claims under the Lanham Act, which stem from the alleged use of

19   marks registered to Plaintiff by Defendants Salvador Cuevas; Renova Home Improvements;

20   Renova Home Energy Solutions; Inc.; Renova Energy Efficiency, Inc.; and Renova Enterprise.

21   (ECF Nos. 4, 12). Along with the motion, Plaintiff has filed requests for judicial notice of

22   documents filed with the United States Patent and Trademark Office and the California Secretary

23   of State. (ECF Nos. 12-2; 15-1).

24          For the reasons given below, the Court will recommend that the requests for judicial

25   notice be granted[1] and that the motion for default judgment be denied due to Plaintiff's failure to

26

27   _____
     [1] *See Muertos Roasters, LLC v. Schneider*, No. 2:22-CV-00051-KJM-KJN, 2022 WL 3908432, at *1
     (E.D. Cal. Aug. 30, 2022) (taking judicial notice of filings with the United States Patent and Trademark
     Office); *Nat'l Grange of the Ord. of Patrons of Husbandry v. California State Grange*, 182 F. Supp. 3d
28   1065, 1075 n. 3 (E.D. Cal. 2016) (taking judicial notice of filings with the California Secretary of State).

                                                  1

demonstrate that any Defendant was properly served.[2] Objections, if any, are due within fourteen days from service of these findings and recommendations.

## I.      BACKGROUND

Plaintiff filed this action on August 10, 2022, bringing two claims under the Lanham Act and seeking monetary damages, attorney fees, pre-judgment and post-judgment interest, and a permanent injunction preventing Defendants from further trademark violations. (ECF No. 4). After Defendants failed to appear and respond to the complaint, Plaintiff obtained a clerk's entry of default. (ECF Nos. 9, 10).

On December 9, 2022, Plaintiff moved for default judgment under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 12). Upon initial review of the motion, the Court was unable to conclude that Plaintiff had properly served any Defendant and thus permitted Plaintiff to file a supplemental brief with supporting evidence that identified the specific provision under which service was achieved for each Defendant and that explained how all requirements of the applicable provision were met. (ECF No. 14). Plaintiff filed its supplement on February 13, 2023, and this matter is now ripe for decision. (ECF No. 15).

## II.     STANDARDS

"Before assessing the merits of a default judgment," a court must address certain preliminary issues, such as "the adequacy of service on the defendant." *Forestiere v. Bazzi*, No. 20-cv-03543-DMR, 2021 WL 2638052, at *2 (N.D. Cal. June 8, 2021), *report and recommendation adopted*, No. 20-CV-03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25, 2021). It is critical to ensure that proper service is achieved because insufficient service would render any default judgment void. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process."); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process."). Plaintiff "bear[s] the burden of proving

---

[2] The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(19). A motion for default judgment is considered a dispositive matter that requires the issuance of findings and recommendations. *See Livingston v. Art.com, Inc.*, No. 3:13-CV-03748-CRB, 2015 WL 4307808, at *2 (N.D. Cal. July 15, 2015).

2

proper service" in connection with the motion for default judgment. *Aussieker v. Lee*, No. 2:19-CV-00365-JAM-CKD (PS), 2020 WL 3961951, at *1 (E.D. Cal. July 13, 2020).

## III.    ANALYSIS

Plaintiff's supplement states that "Plaintiff properly served Defendants under Fed. R. Civ. Proc. 4(h)(1)(A) & (B) and under Cal. Civ. Proc. Code § 415.20(a) & (b)." (ECF No. 15, p. 2). The Court considers each provision.

### A.    Rule 4(h)(1)(B)

Rule 4(h)(1)(B) provides that a business entity may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." However, the Ninth Circuit has concluded that service is not strictly limited to such categories of persons; rather, "service can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks and citations omitted). Determining whether a person fits this description requires "a factual analysis of that person's authority within the organization." *Id.* (internal citation omitted).

Contrary to the Court's direction in the order permitting a supplement, Plaintiff has not explained which Defendant was served under this provision or how the requirements of this provision were met. (ECF No. 14, p. 4; *see* ECF No. 15, p. 2). Instead, Plaintiff only asserts that service was achieved under this provision. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (noting that the parties, not the court, must supply arguments in support of the relevant issues).

The Court presumes that Plaintiff means that service was achieved under Rule 4(h)(1)(B) against the four Defendants that are business entities: Renova Home Improvements; Renova Home Energy Solutions; Inc.; Renova Energy Efficiency, Inc.; and Renova Enterprises. With each proof of service, there is a declaration from the same process service agent, stating that each of these Defendants was served by "substituted service" at 1423 Hickory Ave., Madera,

California, 93637 in the following manner: "On: Tue, Aug 23 2022 at: 08:25 AM by leaving the copies [of the complaint and summons] with or in the presence of: JOHN DOE (Hispanic, Male, 40s, Black Hair, Brown Eyes, 5'10", 200 Pounds), authorized to accept served under F.R.C.P. Rule 4." (ECF No. 8-1, p. 1; ECF No. 8-2, p. 1; ECF No. 8-3, p. 1; ECF No. 8-4, p. 1). However, there is nothing in the declaration to suggest that the John Doe is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" under Rule 4(h)(1)(B). Likewise, there is nothing to suggest that the John Doe "stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service. *Direct Mail Specialists, Inc.*, 840 F.2d at 688 (internal quotation marks and citations omitted).

Accordingly, the Court cannot conclude that any of the Defendants were properly served under Rule 4(h)(1)(B). *See TMX Logistics, Inc. v. FF Trucking, Inc.*, No. CV-144-00873 PSG (ASx), 2014 WL 12691618, at *2 (C.D. Cal. Sept. 5, 2014) (finding service insufficient under Rule 4(h)(1)(B) where "neither the declaration nor the relevant proof of service indicate[d] that" service was made on an officer, a managing or general agent, or other agent authorized to receive service); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, No. C-04-3955 SC (JCS), 2009 WL 4258550, at *2 (N.D. Cal. Nov. 24, 2009) (concluding that service of subpoenas on administrative assistant was not proper under Rule 4(h)(1)(B) where "there [was] no evidence that [she] [was] a person with sufficient authority to accept personal service" on behalf of a gaming agency).

### B.      Rule 4(h)(1)(A)

Rule 4(h)(1)(A) provides that a business entity may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." In turn, Rule 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The supplement argues that service was achieved on the Defendants under two California state law provisions, Cal. Civ. Proc. Code § 415.20(a), (b).

#### 1.      Section 415.20(a)

Section 415.20(a) provides for substituted service on business entities as follows:

[B]y leaving a copy of the summons and complaint during usual office hours in [the] office [of the person to be served] or, if no physical address is known, at his

4

or her usual mailing address, other than a United States Postal Service post office box, *with the person who is apparently in charge thereof*, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid *to the person to be served at the place where a copy of the summons and complaint were left*. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof.

Cal. Civ. Proc. Code § 415.20(a) (emphasis added).

Plaintiff argues that service under this provision was achieved against the four Defendants that are business entities—Renova Home Improvements; Renova Home Energy Solutions; Inc.; Renova Energy Efficiency, Inc.; and Renova Enterprises—because the John Doe who was provided a copy of summons and complaint was a person "apparently in charge." (ECF No. 15, p. 2). In support, Plaintiff states as follows:

Accordingly, on August 23, 2022, Plaintiff caused to be served the Defendant Entities' agent for service of process - Defendant Salvador Cuevas [by leaving copies of the summons and complaint with the John Doe] located at 1423 Hickory Ave, Madera, California 93638. *See* Request for Judicial Notice ("RJN"), Exs. A and B; *see also* Doc. No. 12-2 at Exs. C and D.

. . . .

Under California law, such service is sufficient because [p]ersons in apparent charge of businesses and residences often refuse to give their true legal names. For this reason, it is an accepted practice to name such a person as John Doe or similar fictitious name, or by description. And here, the individual who was provided copies of the summons and complaint on August 23, 2022 at 1423 Hickory Ave., did in fact refuse to provide his name. *See* Ready Decl., ¶ 2, Ex. 1.

(*Id.* at 2-3) (internal citation and quotation marks omitted).

This argument is not persuasive. First, there are no facts to indicate that the John Doe was a person "apparently in charge" for purposes of § 415.20(a). Each of the proofs of service contains a declaration from the same process serving checking a box that service was made on the John Doe at "(Residence or Usual Place of Abode) a person of suitable age and discretion who resides there." (ECF No. 8-1, p. 1; ECF No. 8-2, p. 1; ECF No. 8-3, p. 1; ECF No. 8-4, p. 1). Notably, the declarations do not check the box stating: "(Company) a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served. I informed him or her of the general nature of the papers." (*Id.*). Importantly, proof of service, except when made by the United States Marshals Service, requires "the server's affidavit." Fed.

5

R. Civ. P. 4(l)(1). Likewise, under Cal. Civ. Proc. Code § 417.10, service made under § 415.20 requires "the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter." Because the declarations fail to show that service was made on a person "apparently in charge," the Court cannot conclude that service was properly achieved. *See Dytch v. Bermudez*, No. 17-CV-02714-EMC, 2018 WL 2230945, at *3 (N.D. Cal. May 16, 2018) (finding service was not achieved under § 415.20 where the affidavit did not establish that the John Doe was apparently in charge of the office).

Second, the proofs of service are insufficient because they fail to properly identify "the person to be served" under § 415.20(a). As one court has noted on this point:

> While section 415.20, subdivision (a) permits substituted service on "the person to be served as specified in Section 416.10," where the proof of service fails to identify any such person, the proof of service is defective. As the court in *Dill v. Berquist Construction Co., supra*, 24 Cal.App.4th at pages 1435–1436, 29 Cal.Rptr.2d 746 stated with respect to analogous provisions of section 415.40: "[T]he distinction between a 'party' and a 'person to be served' on behalf of that party . . .  is central to the statutory scheme governing service of process. 'The words "person to be served" are words of precision, used throughout the act, intended to refer to the "individual" to be served, and not to the "party." For example, reference is to the vice president of defendant corporation who is being served on behalf of the corporate defendant, and not to the corporate defendant.' [Citation.] Since a corporate defendant can only be served through service on some individual person, the person to be served is always different from the corporation." (Italics added & fn. omitted.)

*Ramos v. Homeward Residential, Inc.*, 223 Cal. App. 4th 1434, 1441-42 (2014). Here, the proofs of service for two of the Defendants—Renova Home Energy Solutions, Inc. and Renova Energy Efficiency, Inc.—identify the party served as the Defendant itself, not as § 415.20(a) requires, "the person to be served." (ECF No. 8-2, p. 1; ECF No. 8-3, p. 1). While the proofs of service for the other two Defendants—Defendants Renova Home Improvements and Renova Enterprises—identify the person served (via the John Doe) as Salvador Cuevas, Defendants' agent for service of process, the summons and complaint were thereafter mailed to each Defendant itself, not "the person to be served." (ECF No. 8-1, pp. 1-3; ECF No. 8-4, pp. 1-3).[3] Accordingly, the Court

---

[3] Likewise, for the other two Defendants—Renova Home Energy Solutions, Inc. and Renova Energy Efficiency, Inc.—the proof of mailings show that the summons and complaint were mailed to each Defendant itself, not "the person to be served." (ECF No. 8-2, p. 3; ECF No. 8-3, p. 3).

cannot conclude that service was properly achieved.

Lastly, the proofs of service fail to satisfy other service. As noted above, if service is made under § 415.20, a separate provision, § 417.10(a), requires an affidavit showing that various requirements were met, among them:

> The affidavit shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, *and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear.*

Cal. Civ. Proc. Code § 417.10(a) (emphasis added).

In turn, § 412.30 provides as follows:

> In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons that is served shall contain a notice stating in substance: "To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure)." If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the unincorporated association.
>
> *If such notice does not appear on the copy of the summons served, no default may be taken against such corporation or unincorporated association or against such person individually, as the case may be.*

Cal. Civ. Proc. Code § 412.30 (emphasis added).

Here, because the proofs of service do not show that the notice under § 412.30 was provided to any Defendant, no default can be taken. (*See* ECF Nos. 8-1; 8-2; 8-3; 8-4). *Long v. McAfee*, No. 1:19-CV-00898-DAD-SAB, 2019 WL 5536228, at *12 (E.D. Cal. Oct. 25, 2019) (concluding that service had not been properly achieved, among other reasons, based on noncompliance with § 412.30).

### 2.    Section 415.20(b)

Section 415.20(b) provides for substituted service on individuals as follows:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode,

1
2
3
4
5
6

usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, *who shall be informed of the contents thereof*, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

7

Cal. Civ. Proc. Code § 415.20(b) (emphasis added).

8
9
10
11
12
13
14

Plaintiff argues that service under this provision was achieved against the only individual Defendant—Salvador Cuevas—based on the summons and complaint being provided to the John Doe. (ECF No. 15, p. 2). With the proof of service for Cuevas, there is a declaration from the same process service agent as for the other proofs of service, stating that Cuevas was served by "substituted service" at 1423 Hickory Ave., Madera, California, 93637 in the following manner: "On: Tue, Aug 23 2022 at: 08:25 AM by leaving the copies [of the complaint and summons] with or in the presence of: JOHN DOE (Hispanic, Male, 40s, Black Hair, Brown Eyes, 5'10", 200 Pounds), authorized to accept served under F.R.C.P. Rule 4." (ECF No. 8, p. 1).

15

Relying on this declaration, Plaintiff states as follows:

16
17
18
19
20

Here, the affidavit of service includes a declaration of diligence as to personal service on the individual defendant Salvador Cuevas. *See* Doc. No. 8 at 4. The affidavit makes clear that a "John Doe" was provided copies and described this individual as a Hispanic Male in his 40s. *Id.* at 1. Thus, Plaintiff satisfied the diligence requirement and complied with the procedure of Cal. Civ. Proc. Code § 415.20(b) by leaving a copy of the summons and complaint with a person over the age of 18 and mailing a copy to 1423 Hickory Ave. Such service is sufficient to provide notice to Mr. Cuevas of the complaint.

21

(ECF No. 15, p. 3) (internal citation omitted).

22
23
24
25
26
27
28

As an initial matter, the Court finds it noteworthy that Plaintiff's supplement represents that service was achieved on the business entity Defendants by serving the John Doe, who was "apparently in charge," and that service was also achieved on Cuevas by serving the same John Doe at the same date, time, and address, because the John Doe was, according to the declaration, a co-resident of Cueva's residence. Without any facts in the proof of service to explain how service on all the Defendants was achieved at the same time in seemingly contradictory manners on the same John Doe, the Court cannot find that service was properly achieved. *See Long*, 2019

WL 5536228, at *8 ("First, the Court finds that the representations made by the process server on the proofs of service on both of these Defendants are facially inconsistent, as they appear to allege that these Defendants were personally served, and also allege that substitute service was effectuated. Based on these facts alone, the Court must reject Plaintiffs' request for entry of default against these two defendants, as Plaintiffs have failed to show through affidavit or otherwise that these defendants have been properly served and that they failed to plead or otherwise defend.") (internal citation to record omitted).

Regardless, the Court concludes that Plaintiff has failed to show that service was properly achieved under the plain terms of § 415.20(b) because the process server's declaration does not indicate that the John Doe was "informed of the contents" of the delivered documents. *See* Cal. Civ. Proc. Code § 417.10 (noting that service made under § 415.20 requires "the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter"). As one court has noted, this is a critical important requirement:

> Furthermore, the proof of service indicates that the process server "hand deliver[ed]" the documents to Tony Doe (Doc. 5 at 2), but it does not state whether Tony Doe was "informed of the contents thereof," as required for substitute service under California law. Cal. Code Civ. Proc. § 415.20(a), (b). "This requirement is critical because if [the person who is "apparently in charge"] did not know or understand the significance of the documents that [the process server] handed him, the documents may have ended up in a junk pile or recycling bin, rather than in [the defendant's] hands." *Bouyer v. 603 San Fernando Rd., LLC*, No. CV203853MWFPVCX, 2020 WL 7711840, at *2 (C.D. Cal. Nov. 2, 2020). *See also EDJX, Inc. v. 6x7 Networks, LLC*, No. 21–CV–02398–SK, 2021 WL 4262290, at *2 (N.D. Cal. Sept. 20, 2021) ("[T]he proofs of service were defective because they fail to state that the process server informed John Doe, with whom the process server left the summons and complaint, of the contents of was delivered.")

*Gilbert v. Muthana*, No. 1:21-CV-01333-JLT-SKO, 2022 WL 1056079, at *4 (E.D. Cal. Apr. 8, 2022), *report and recommendation withdrawn after the plaintiff voluntarily dismissed case*, 2022 WL 1292263 (E.D. Cal. Apr. 19, 2022).

Accordingly, the Court cannot conclude that service was properly achieved against Cuevas.

\\\

9

### 3.     Actual Notice

Before concluding, the Court notes that Plaintiff appears to argue that service on all the Defendants was also achieved because they had actual notice of this lawsuit based on communications Plaintiff's counsel had with Defendant Cuevas and an attorney that Cuevas said represented him:

> Plaintiff properly served Defendants by leaving a copy of the summons and complaint under California law with the agent for service of process for the entity defendants, who also happens to be the same individual defendant, Salvador Cuevas. Moreover, Plaintiff asserts the letter and spirit of the law has been more than complied with as Plaintiff's counsel has spoken directly with Defendant Salvador Cuevas regarding the Complaint as well as his purported counsel. Defendant Salvador Cuevas does not deny receiving the complaint and was aware of the answer due to the complaint. Plaintiff's motion for default judgment should be granted.

(ECF No. 15, p. 4).

As an initial matter, Plaintiff has not submitted any evidence that sufficiently establishes that any Defendant had actual notice of this lawsuit. Rather, at best, Plaintiff has submitted the declaration of its counsel noting that counsel had cursory communications with Cuevas:

> Mr. Cuevas was advised in my email exchange that his response to the complaint was past due. This email exchange occurred prior to my October 4, 2022 phone call with Mr. Cuevas in which Mr. Cuevas did not indicate he would respond to the complaint but rather referred me to his purported counsel Mr. Gerardo Hernandez. I subsequently spoke to Mr. Hernandez who advised he would not be representing Mr. Cuevas in this matter.

(ECF No. 15-2, p. 2).

Even assuming such could establish actual notice, more is required to obtain a default judgment. Rather, both Federal and California law require substantial compliance with the relevant service provisions. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation and internal quotation marks omitted). ("Nonetheless, without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction."); *Am. Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 392 (2011) (addressing California state law and stating that "[a]ctual notice of the action alone, however, is not a substitute for proper service and is not sufficient to confer jurisdiction").

For the reasons given above, the Court cannot find that Plaintiff has substantially complied with any service provision so as to properly serve any Defendant.

IV.     **RECOMMENDATIONS**

Based on the foregoing, IT IS RECOMMENDED that:

1.   Plaintiff's requests for judicial notice (ECF Nos. 12-2; 15-1) be granted.

2.   Plaintiff's motion for default judgment (ECF Nos. 12, 15) be denied without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**March 8, 2023**__                    /s/ _Erica P. Grosjean_
                                                         UNITED STATES MAGISTRATE JUDGE