# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENOVA ENERGY CORP., <br><br> Plaintiff, <br><br> v. <br><br> SALVADOR CUEVAS, et al., <br><br> Defendants. | Case No.: 1:22-cv-00999 JLT EPG <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE <br><br> (Doc. 16) |

Renova Energy Corp. moves for default judgment against all the defendants in this civil action and has filed accompanying requests for judicial notice. (Docs. 12, 15.) The assigned magistrate judge issued Findings and Recommendations, recommending that the requests for judicial notice be granted and that the motion for default judgment be denied without prejudice due to Plaintiff's failure to demonstrate that any defendant was properly served. (Doc. 16.) The Findings and Recommendations stated that any objections were to be filed within 14 days after service. (*Id.* at 11.) Plaintiff filed objections. (Doc. 17.)

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis. Of note, Plaintiff does not directly dispute the magistrate judge's conclusions regarding the entity defendants. The only objections pertain to service upon Defendant Salvador Cuevas, who is also the registered agent for the

1

entity defendants. (Doc. 17.) Plaintiff invokes California Code of Civil Procedure § 415.20(b) as the method of service utilized to serve Defendant Cuevas. Section 415.20 provides:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, *who shall be informed of the contents thereof*, *and by thereafter mailing a copy* of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

(Emphasis added.) The magistrate judge found that service upon Defendant Cuevas was not proper because there was no evidence demonstrating that the John Doe who was handed the service documents was "informed of the contents thereof." (Doc. 16 at 9.) Plaintiff objects to this finding on the ground that the form used for proof of service does not provide a specified location where such information is to be included. (Doc. 17 at 2.) This is not convincing. For one thing, the appropriate California proof of service form does include such a check box. (*See* POS-010 at ¶ 5.b.1–2, available at: https://www.courts.ca.gov/documents/pos010.pdf (last visited Apr. 5, 2023) (requiring that the recipient be informed of the "general nature of the papers").) Even assuming Plaintiff is correct on that point, it would be of no moment because there is an opportunity to provide a declaration of diligence in connection with any service attempt. Relatedly, Plaintiff argues it should be excused from the above-mentioned failure because it mailed a copy of the summons and complaint to Defendant Cuevas. But under the plain language of Section 415.20(b), the mailing requirement is in addition to— not an alternative to—proper compliance with the other provisions of that Section. For similar reasons, Plaintiff's related objection that Federal rule of Civil Procedure 4 does not state anywhere what information is to be included in the affidavit. Plaintiff invoked a California Rule of Civil Procedure to effect service and is bound by the requirements therein. Plaintiff offers no authorities that suggest it has substantially complied with the relevant service provisions. As the findings and recommendations

explained, actual notice alone is not a substitute for proper service. (Doc. 16 at 10.) Thus, the Court **ORDERS**:

    1.    The Findings and Recommendations issued on March 9, 2023 (Doc. 16), are **ADOPTED** in full.

    2.    Plaintiff's requests for judicial notice (Docs. 12-2, 15-1) are **GRANTED**.

    3.    Plaintiff's motion for default judgment (Docs. 12, 15) is **DENIED WITHOUT PREJUDICE**.

    4.    This action is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **April 10, 2023**　　　　　　　　　　　　／s／ Jennifer L. Thurston
                                                          UNITED STATES DISTRICT JUDGE