UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENOVA ENERGY CORP., <br><br> Plaintiff, <br><br> v. <br><br> SALVADOR CUEVAS, et al., <br><br> Defendants. | Case No.  1:22-cv-00999-JLT-EPG <br><br> ORDER PERMITTING REVISED MOTION FOR DEFAULT JUDGMENT <br><br> (ECF No. 27) |

Plaintiff filed this action on August 10, 2022, and has since sought and obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a) against the Defendants. (ECF Nos. 23, 25). The Court previously issued a recommendation, which the assigned District Judge adopted, to deny without prejudice Plaintiff's initial motion for default judgment. (ECF Nos. 12, 15, 16, 18). This matter is now before the Court on Plaintiff's second motion for default judgment. (ECF No. 27). For the reasons given below, the Court will permit Plaintiff to file a revised motion for default judgment to address certain issues, if it chooses to do so.  However, any revised motion must be complete in itself without reference to the earlier motion.

Specifically, although acknowledging that the likelihood of customer confusion is a pertinent inquiry concerning its trademark claims, Plaintiff offers no developed argument concerning "the so-called *Sleekcraft* factors, to guide the determination of a likelihood of confusion." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000); *see Ironhawk Techs., Inc. v. Dropbox*, Inc., 2 F.4th 1150, 1160 (9th Cir. 2021) (noting that the

1

*Sleekcraft* factors guide the question of customer confusion); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003)).

Additionally, the Court notes that Plaintiff seeks approximately $19,000 in fees and costs and has provided a declaration of its attorney stating his hourly fee, total attorney fees requested, and total costs sought. However, counsel has not provided information to justify the request, *e.g.*, information supporting the hourly fee sought, any itemization of the hours spent on any task, and any itemization of the costs. *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) ("It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate."); *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) ("Once a party is found eligible for fees, the district court must then determine what fees are reasonable. District courts generally start by applying the lodestar method, *i.e.*, multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.") (internal citations and quotation marks omitted).

Lastly Plaintiff seeks an injunction ordering Defendants to transfer the domain name https://renovahomeimprovements.com to Plaintiff. However, Plaintiff does not include any developed argument for why this is warranted. Moreover, the Court notes that this form of relief is not sought in the complaint. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Accordingly, IT IS ORDERED as follows:

1. In order to allow Plaintiff to address the above issues if it so chooses, the Court will permit Plaintiff to file a *revised* motion for default judgment by no later than November 6, 2023.

2. If Plaintiff chooses to file a revised motion, it must be complete in itself and without reference to an earlier motion or evidence submitted, and be no longer than 25 pages. In issuing findings and recommendations, the Court will only reference the amended motion (assuming Plaintiff chooses to file one) and attached evidence in considering Plaintiff's arguments.

3. If Plaintiff chooses not to file a revised motion by November 6, 2023, the Court will

instead issue findings and recommendations on Plaintiff's pending motion for default judgment. (ECF No. 27).

IT IS SO ORDERED.

Dated:   **October 16, 2023**                              /s/ *Erica P. Grosjean*
                                                                          UNITED STATES MAGISTRATE JUDGE

3