1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

RENOVA ENERGY CORP.,

12

Plaintiff,

13

v.

14

SALVADOR CUEVAS, et al.,

15

Defendants.

16

17

| | |
|---|---|
| RENOVA ENERGY CORP., | Case No.  1:22-cv-00999-JLT-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED IN PART |
| v. | |
| SALVADOR CUEVAS, et al., | (ECF No. 33) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

18
19
20
21
22
23
24
25

Plaintiff Renova Energy Corp. moves for default judgment against Defendants Salvador Cuevas; Renova Home Improvements; Renova Home Energy Solutions, Inc.; Renova Energy Efficiency, Inc.; and Renova Enterprises on trademark-related claims brought under the Lanham Act. Along with the motion, Plaintiff has filed requests for judicial notice of documents filed with the United States Patent and Trademark Office and the California Secretary of State. (ECF No. 33-2). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19). For the reasons given below, the Court will recommend that Plaintiff's requests for judicial notice[1] be granted and the motion for default judgment be granted in part.

26
27
28

---

[1] *See Muertos Roasters, LLC v. Schneider*, No. 2:22-CV-00051-KJM-KJN, 2022 WL 3908432, at *1 (E.D. Cal. Aug. 30, 2022) (taking judicial notice of filings with the United States Patent and Trademark Office); *Nat'l Grange of the Ord. of Patrons of Husbandry v. California State Grange*, 182 F. Supp. 3d 1065, 1075 n. 3 (E.D. Cal. 2016) (taking judicial notice of filings with the California Secretary of State).

1

## I.      BACKGROUND

2

3        Plaintiff filed this case on August 10, 2022, alleging that Defendants violated the Lanham

4    Act. (ECF No. 1). Plaintiff sued Salvador Cuevas and the four business entities, alleging that

5    Cuevas was the principal of the each of the entities, which all had the same business address.

6    Plaintiff alleges that it is a leading solar installation company and owns two marks: (1) U.S. Reg.

     No. 4955575; and (2) U.S. Reg. No. 4166527. Among other things, these registrations covered

7    installation, maintenance, and repair of renewable energy generation equipment, including solar

8    equipment.

9        Defendant Renova Home Improvements and Cuevas operate an air conditioning, window

10   installation, roofing, and solar" company, with a website promoting its services at

11   https://renovahomeimprovements.com. Services are marketed on the website and social media

12   platforms, including Facebook and Yelp. Cuevas formed the other business entities to further

     expand the home energy efficiency offerings of Defendant Renova Home Improvements and

13   broaden its branding and advertising.

14       Plaintiff alleges that Defendants have used and are using Plaintiff's marks in connection

15   with the sale, offering for sale, and advertising of services marketed under the business entities.

16   Such use creates consumer confusion, mistake, and deception as to affiliation, connection, or

17   association with Plaintiff. Plaintiff's and Defendants' goods and services are identical as each

18   provides roofing and solar installation and related services. Plaintiff made Defendants aware of

19   their infringing use of its mark in or about November 2021 and Defendants therefore knew of

20   Plaintiff's mark and have willfully continued to use the infringing marks.

21       The complaint asserts trademark causes of action under (1) 15 U.S.C. § 1114(1)(a) and (2)

22   15 U.S.C. § 1125(a)(1)(A). Among other things, the complaint requests (1) a permanent

23   injunction prohibiting Defendants from using Plaintiff's marks; (2) attorney fees; and (3) costs.

24       After Defendants failed to respond to the complaint, Plaintiff obtained a clerk's entry of

25   default under Federal Rule of Civil Procedure 55(a) against the Defendants. (ECF No. 25). On

26   November 13, 2023, Plaintiff moved for default judgment,[2] seeking a permanent injunction

27   _____

28   [2] As explained below, the current motion for default judgment is the third motion for default judgment that
     Plaintiff has filed in this case.

prohibiting Defendants from using its marks, attorney fees, and costs. (ECF No. 33). No Defendant has responded to the motion, appeared, or otherwise participated in this case.

Upon review of the motion for default judgment and supplement, the Court concludes that a hearing would not be beneficial in this case. *See* Local Rule 230(g) (noting that a motion may be submitted on the records and briefs).

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 55 permits the Court to enter a default judgment against a defendant. *See* Fed. R. Civ. P. 55(b)(2). Whether to enter a default judgment lies within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Factors (*i.e.*, the *Eitel* factors) that may be considered in determining whether to enter default judgment include the following:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Before awarding a default judgment against a defendant, the Court must determine the adequacy of service of process and the Court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process.").

\\\
\\\
\\\
\\\

1    **III.    DISCUSSION**

2        **A.  Jurisdiction and Service of Process**

3            1.   Subject Matter Jurisdiction

4        The Lanham Act grants "[t]he district and territorial courts of the United States . . .

5    original jurisdiction . . . of all actions arising under [the relevant] chapter, without regard to the

6    amount in controversy or to diversity or lack of diversity of the citizenship of the parties." 15

7    U.S.C. § 1121(a). And pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over

8    "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case

9    'arises under' federal law either where federal law creates the cause of action or where the

10   vindication of a right under state law necessarily turns on some construction of federal

11   law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal

12   punctuation omitted) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463

     U.S. 1, 8-9 (1983) (citations omitted)).

13       Accordingly, the Court has federal question jurisdiction over the Lanham Act claims in

14   this case. *See La Quinta Worldwide LLC v. Q.R.T.M., S.A. DE C.V.*, 762 F.3d 867, 872 (9th Cir.

15   2014) ("Federal jurisdiction over trademark claims is granted by the Lanham Act, 15 U.S.C.

16   § 1121(a), which 'confers broad jurisdictional powers upon the courts of the United States' in

17   conjunction with 28 U.S.C. § 1331.").

18           2.   Service of Process

19       Plaintiff states that "Defendants were properly served with the [s]ummons and [c]omplaint

20   on April 28, 2023." (ECF No. 33, p. 8). Plaintiff does not provide further explanation or argument

21   but cites the proofs of service filed on May 2, 2023. (ECF No. 22). For each proof of service,

22   there is a supporting declaration stating that, on April 28, 2023, Salvador Cuevas was personally

23   served in his individual capacity, or as the agent for service of process of the Defendant business

24   entities, at an address in Fresno, California.

25       Based on the proofs of service, the Court finds that Plaintiff properly served the

26   Defendants. *See* Fed. R. Civ. P. 4(e)(2)(A) (providing for personal service on an individual); Fed.

27   R. Civ. P. 4(h)(1)(B) (providing for service on business entity by delivering the summons and

28   complaint to an authorized agent for service of process).

4

**B. *Eitel* Factors**

    1.  <u>Prejudice to Plaintiff</u>

Turning to the *Eitel* factors, Plaintiff argues that it will be prejudiced if judgment is not entered because Defendants will continue to use their marks, injuring their reputation in the solar installation marketplace, and it will be without recourse to remedy its injuries. (ECF No. 33, p. 9).

The Court agrees that Plaintiff will be prejudiced if a default judgment is not granted. If default judgment is not entered, Plaintiff will effectively be denied relief, as it is apparent that Defendants will not defend this action, and the complaint alleges a continuing use of Plaintiff's marks. Accordingly, this *Eitel* factor weighs in favor of granting default judgment.

    2.  <u>Substantive Merits and Sufficiency of Complaint</u>

"The second and third *Eitel* factors instruct the Court to evaluate the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. It is appropriate for the court to analyze these two factors together." *Arroyo v. J.S.T. LLC*, 2019 WL 4877573 at *6 (E.D. Cal. Oct. 3, 2019) (citations omitted). Essentially, these "factors require [a] plaintiff to state a claim on which plaintiff can recover." *OL USA LLC v. TTS Int'l LLC*, No. 2:21-CV-1541 WBS DB, 2022 WL 2208527, at *2 (E.D. Cal. June 21, 2022), *report and recommendation adopted*, (2022 WL 4450658 (E.D. Cal. Sept. 23, 2022).

Plaintiff asserts two causes of action under the following provisions of the Lanham Act: (1) 15 U.S.C. § 1114(1)(a); and (2) 15 U.S.C. § 1125(a)(1)(A). One court has described the showing necessary under these provisions as follows:

> To prevail on their trademark infringement claim under 15 U.S.C. § 1114(1)(a), Plaintiffs must prove that, without their consent, Defendant used in commerce a reproduction or copy of a registered trademark in connection with the sale or advertising of any goods or services, and that such use is likely to cause confusion, mistake, or deceive customers.

> To prevail on their false designation of origin claim [under 15 U.S.C. § 1125(a)(1)(A)], Plaintiffs must prove that Defendant used in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of his goods by Plaintiffs.

*PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175-76 (C.D. Cal. 2002) (internal

citations omitted). "Although there are some differences between a claim under § 1114 (trademark infringement) and § 1125(a) (false designation of origin), 'the analysis under the two provisions is oftentimes identical.'" *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) (quoting *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1047 n. 8 (9th Cir.1999). Given the similarity between the claims, Plaintiff offers the following combined argument for both claims: It has alleged that (1) it owns the registered marks; (2) each Defendant has used their marks without consent; and (3) use of their marks creates confusion in connection with the good or services offered by Plaintiff. (ECF No. 33, pp. 9-10). Moreover, in support of its argument regarding the likelihood of confusion, Plaintiff addresses the eight *Sleekcraft* factors: (1) the strength of the mark; (2) the proximity of the goods; (3) similarity of the marks; (4) the evidence regarding actual confusion; (5) the marketing channels used; (6) the type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. (*Id.* at 10-13); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003).

As to the first factor, the strength of the marks, Plaintiff asserts that its mark has been used in commerce for over sixteen years and thus indicates a strong mark. As to the second factor, the proximity of the goods, Plaintiff states that Defendant offers the same goods and services relating to solar maintenance and installation. As to the third factor, the similarity of the marks, Plaintiff asserts that the marks and tradenames used are identical. As to the fourth factor, evidence regarding actual confusion, Plaintiff provides no evidence of actual confusion but notes that it is inevitable as Defendants are using its marks and the same marketing channels for the same goods and services offered by Plaintiff. *See Sleekcraft Boats*, 599 F.2d at 353 ("Because of the difficulty in garnering such evidence, the failure to prove instances of actual confusion is not dispositive."). As to the fifth factor, the marketing channels used, Plaintiff states that it and Defendants are simultaneously using the internet to display the marks. As to the sixth factor, the type of goods and the degree of care likely to be exercised by the purchaser, Plaintiff asserts that Defendants' use of identical marks present an obvious risk that consumers will be misled into thinking that Defendants' services are affiliated with Plaintiff. As to the seventh factor, the defendants' intent

in selecting the mark, Plaintiff claims that Defendants have known about its registrations since before the filing of the complaint but yet continue to use the marks. As to the eighth and final factor, the likelihood of expansion of the product lines, Plaintiff states that it is actively engaged in expansion and growth of services, which services Defendants also offer.

Based on the above argument, the Court concludes that Plaintiff has sufficiently established the merits of its claims and the sufficiency of its complaint. Accordingly, the Court finds that the second and third *Eitel* factors weigh in favor of granting default judgment.

### 3.   Sum of Money in Relation to Seriousness of Conduct

Next, the Court considers the sum of money at stake in the action, with a lower sum weighing in favor of default judgment. *See G & G Closed Circuit Events, LLC v. Nguyen*, 3:11-cv-06340-JW, 2012 WL 2339699 at *2 (N.D. Cal. May 30, 2012) (noting that "default judgment is generally disfavored when the sum of money at stake is either too large or unreasonable in light of the defendant's actions").

Here, Plaintiff does not seek any monetary damages, but it seeks $28,003.51 in attorney fees and costs, which amount is recommended to be reduced as explained further below. In light of that reduction and the circumstances of the case, the Court does not find this amount to be excessive. Accordingly, the Court finds that the fourth *Eitel* factor weighs in favor of granting default judgment.

### 4.   Possibility of Dispute

No genuine issue of material fact is likely to exist. Defendants have not responded to the complaint, and Plaintiff has adequately alleged violations of the Lanham Act. Accordingly, the Court finds that the fifth *Eitel* factor weighs in favor of granting default judgment.

### 5.   Whether the Default was Due to Excusable Neglect

The Court finds that the default in this matter was not due to excusable neglect. Defendants were served with notice of the complaint and failed to respond. Accordingly, the Court finds that the sixth *Eitel* factor weighs in favor of granting default judgment.

### 6.   Policy Favoring Decision on the Merits

Default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "the policy favoring decisions

on the merit does not preclude entering default judgment" because Defendants' failure to appear has made a decision on the merits impossible. *Arroyo v. J.S.T. LLC*, No. 1:18-CV-01682-DAD-SAB, 2019 WL 4877573, at *11 (E.D. Cal. Oct. 3, 2019), *report and recommendation adopted*, 2020 WL 32322 (E.D. Cal. Jan. 2, 2020). Accordingly, the Court finds that the seventh *Eitel* factor does not preclude default judgment.

### 7. Conclusion

In light of the discussion of all the *Eitel* factors, the Court recommends that default judgment be entered against Defendants.

### C. Relief Requested

#### 1. Injunctive Relief

Under 15 U.S.C. § 1116(a), the Lanham Act provides for injunctive relief. "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). "It is important to consider the totality of circumstances bearing on whether a permanent injunction is appropriate equitable relief." *La Quinta Worldwide LLC*, 762 F.3d at 880.

Here, Plaintiff seeks an order enjoining Defendants from using its registered marks. (ECF No. 33, p. 16). Considering that Plaintiff has alleged that Defendant is using its identical marks in the same business areas, coupled with the fact that Defendants have been served but have not responded, the Court concludes that the totality of the circumstances justify a permanent injunction barring Defendants from using Plaintiff's marks.[3]

#### 2. Attorneys' Fees and Costs

Under 15 U.S.C. § 1117(a) of the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

> A court determines if a case is exceptional by considering the "totality of the circumstances" and evaluating whether the case is "one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated" based on a preponderance of the evidence.

---

[3] Plaintiff sought other relief in the complaint but has not requested such relief in its motion for default judgment, *e.g.*, statutory damages. Thus, the Court does not address any other form of relief.

*Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1223 (9th Cir. 2023), *cert. denied*, No. 23-194, 2024 WL 71923 (U.S. Jan. 8, 2024) (quoting *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016)).

Plaintiff argues that this case should be considered exceptional based on its allegations that Defendants willfully used and continue to use its marks, as well as the fact that Defendants have failed to defend this case. Upon considering the totality of the circumstances of the case, the Court finds Plaintiff's argument persuasive and deems this case exceptional so as to award attorney fees. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("In *Rio Properties, Inc.*, we upheld an award of attorneys' fees under the Lanham Act solely because, "by entry of default judgment, the district court determined, as alleged in RIO's complaint, that RII's acts were committed knowingly, maliciously, and oppressively, and with an intent to . . . injure RIO.") (quoting *Rio Properties, Inc. v. Rio In'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002)); *Syntex Healthcare Prod. Co. v. McCreless Enterprises, LLC*, No. EDCV 21-593 JGB (SPx), 2023 WL 4503528, at *12 (C.D. Cal. June 2, 2023) ("Courts often find that a case may be deemed 'exceptional' within the meaning of the Lanham Act by virtue of a Defendant's decision to ignore legal proceedings, necessitating a default judgment.").

"The lodestar method is used to determine a presumptively reasonable attorney fee award in trademark infringement cases under 15 U.S.C. § 1117(a)." *Partners for Health & Home, L.P. v. Seung Wee Yang*, 488 B.R. 431, 438 (C.D. Cal. 2012). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). "The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citation and quotation marks omitted). "The district court may then adjust [the lodestar] upward or downward based on a variety of factors." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). However, "[t]he lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar

amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen*, 214 F.3d at 1045 (internal citation and quotation marks omitted).

As to the reasonable hourly rate, it is calculated by reference to the prevailing rate within the community for a similar type of work. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  As for what may be reasonably billed for, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . . " *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

a.  Reasonable Hourly Rate

It is Plaintiff's "burden of establishing entitlement to an award" of attorneys' fees. *Id*. at 437. Additionally, Plaintiff "has the burden of producing satisfactory evidence, in addition to the affidavits of [Plaintiff's] counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

Plaintiff has provided the declaration of its counsel, Marty B. Ready, who states that counsel has been practicing law in San Diego since 2005, charges $495 per hour, and believes this rate to be reasonable. Plaintiff provides no other evidence, legal citation, or argument to support this requested rate.

Because Plaintiff has provided no specific information as to the hourly rate in the Fresno Division, the Court is left to determine one. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."); *Broad. Music Inc. v. Antigua Cantina & Grill, LLC*, No. 2:12-CV-1196 KJM DAD, 2013 WL 2244641, at *2 (E.D. Cal. May 21, 2013) ("Because plaintiff has not presented any information on the hourly rate in the Sacramento region

10

for a routine copyright infringement case, the court finds $275 an hour to be the reasonable rate for Ms. Frank's time and $175 an hour to be the reasonable rate for Mr. Burke's time."). Given that Attorney Ready has almost 20 years of experience, the Court determines that a rate of $350 is appropriate, which is within the range of rates afforded to attorneys with similar levels of experience in this District. *See Deerpoint Grp., Inc. v. Agrigenix*, LLC, No. 1:18-CV-00536-AWI-BAM, 2022 WL 16551632, at *19 (E.D. Cal. Oct. 31, 2022) ("In the Fresno Division of the Eastern District of California, attorneys with twenty or more years of experience are awarded $350.00 to $400.00 per hour.") (collecting cases).

b. Hours Reasonably Expended

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. Here, the Court concludes that many of the hours claimed are inadequately supported.

Plaintiff requests $25,661 in attorney fees for this case.[4] Beyond asserting that this amount of attorney fees was incurred in the declaration of Attorney Ready, the motion for default judgment offers no argument to justify this fee award. However, the Court notes that counsel has provided an itemized fee list, which is included as an attachment to these findings and recommendations. (ECF No. 33-1, p. 65-68).

Because Defendants made no appearance in this case, it is unsurprising that most of the hours claimed relate to Plaintiff seeking a default judgment. For example, there are entries regarding gathering information to prepare for an entry of default, consulting with the client about default, and preparing the motion for default judgment. With exceptions addressed below, the Court believes such tasks are compensable.

However, a sizeable amount of attorney fees sought appear unrelated to this case. Rather, there are many tasks that seem to involve different purported infringement incidents involving separate infringers, including the following descriptions: (1) "Prepare email communication to client Lisa Battaglia to discuss strategy for Mexico cease and desist and/or enforcement action";

---

[4] Confusingly, the body of the motion seeks $16,236 in fees. (ECF No. 33, p. 17). Because $25,661 is the amount claimed in the accompany declaration of counsel and the itemized fee list, the Court assumes this is the actual amount requested.

11

1   (2) "Review fee schedule from Mexico counsel and advise client accordingly"; and (3) "Evaluate
2   potential infringers of client's trademarks from entities located in Texas, California, and Mexico
3   to advise client accordingly as to next steps." (ECF No. 33-1, pp. 65-66). Accordingly, the Court
4   will exclude fees for all such entries where the description is insufficient to show that the work
5   was related to this specific case.[5]

6        Having concluded which tasks should be compensated, the Court turns to the amount of
7   hours that are reasonable based on the compensable tasks. As explained further below, the Court
8   believes that Plaintiff should be able to recover for time spent preparing for the initial motion for
9   default judgment and some supplemental briefing regarding later motions for default judgment.

10       It is important to note that the current motion for default judgment is Plaintiff's third
11  attempt to obtain a default against Defendants. The first motion, which itself largely copied from
12  the complaint, was denied without prejudice after Plaintiff failed to establish that it validly served
13  any of the Defendants. (ECF Nos. 12, 15, 16, 17, 18). After Plaintiff filed proof of service
14  indicating that Defendants were properly served, it filed another motion for default judgment.
15  (ECF Nos. 22, 27). In most respects, this second motion for default judgment was identical to
16  Plaintiff's first motion for default judgment. However, Plaintiff's motion for default judgment
17  lacked developed argument on certain issues. (ECF Nos. 26, 27). Accordingly, the Court issued
18  an order, again giving Plaintiff the opportunity to file a revised motion for default judgment.
19  (ECF No. 30). Plaintiff then filed the instant motion for default judgment, its third, which was
20  largely identical to its previous motions, except that it addressed the *Sleekcraft* factors (addressed
21  above) and attached an itemized list of attorney fees and costs.  The Court has taken the potential
22  duplicate work into consideration when awarding fees.  *See Jacobson v. Persolve*, LLC, No. 14-
23  CV-00735-LHK, 2016 WL 7230873, at *12 (N.D. Cal. Dec. 14, 2016) ("Although Plaintiff
24  needed to bring a motion for preliminary approval, courts may refuse to award fees that are
25  accrued due to deficiencies in the parties' filings."); *Postier v. Louisiana-Pac. Corp*, No. 09-CV-
26  03290-JCS, 2014 WL 1760010, at *6 (N.D. Cal. Apr. 29, 2014) ("The Court agrees that the fee
    award should not include attorney hours spent on filing stipulations to continue hearings that were

27  _____
    [5] To aid in identifying which tasks have been deemed acceptable, the Court has included as an
28  attached the itemized fee list and has highlighted those entries which it believes Plaintiff should
    recover for.

at the request of LP, hours spent on withdrawing the first motion to enforce which was subsequently re-filed, or hours spent on LP's first motion for fees and costs which was denied because LP failed to include sufficient evidence."). The attachment of the fee list highlights the specific tasks for which the Court recommends Plaintiff be compensated with these guidelines in mind. After adding the highlighted tasks, the total number of recommended hours to be awarded is 25.9. Multiplied by the rate of $350 per hour yields $9,065 in attorney fees that were reasonably incurred.

c. <u>Costs</u>

Under the Lanham Act, a plaintiff who establishes a trademark claim "shall be entitled [with some qualifications not relevant here] . . . [to] the costs of the action." 15 U.S.C. § 1117(a). Plaintiff seeks to recover $2,342.51 in costs. (ECF No. 33-1, p. 63). Plaintiff provides no developed argument as why its claimed costs should be awarded; although, it has provided an itemized lists in support of the costs.

However, the Court finds most of the descriptions of the costs lacking. Generally, the costs are listed without any description of what the actual cost entailed. For example, costs for (1) Pacer are described as "Pacer Service Center-Court costs, A/P Batch - 0346448, PACER SERVICE CENTER, Invoice # 3945154-Q32022, Invoice Date 10/05/2022, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32022"; (2) a company called First Legal Network, LLC are described as "Court costs, A/P Batch - 0344040, FIRST LEGAL NETWORK, LLC, Invoice # 50103810, Invoice Date 08/23/2022, e-file"; (3) Lexis as "Lexis - Online Research, A/P Batch - 0349011, RELX INC., Invoice # 3094183120, Invoice Date 11/08/2022, CONTRACT PG (LN) - Litigation support 96; INV# 3094183120 30-NOV-2022 1000HWLFF." The Court concludes that Plaintiff's failure to provide any argument for why it is entitled to these costs, or any explanation of what the costs were even for, warrants a denial of all such costs. *Powell v. FCA US LLC*, No. 216CV02781DADJLT, 2020 WL 4937358, at *12 (E.D. Cal. Aug. 24, 2020) ("The court has also reviewed plaintiff's itemized bill of costs and the attached receipts and documentation in support of the other costs and expenses for which plaintiff seeks reimbursement. The court declines to award the $9.10 for "copies" because plaintiff's counsel has not provided any explanation or documentation to substantiate that amount. The court

13

also declines to award $73.92 for "Westlaw legal research" because plaintiff has similarly not provided any documentation to substantiate those charges.") (internal citations to the record omitted).

However, the Court finds that one cost should be awarded—$402 expended on August 10, 2022—which is sufficiently described as the Court's filing fee for this case.

## IV.     CONCLUSION AND RECOMMENDATIONS

For the reasons discussed above, Plaintiff is entitled to default judgment in most respects. Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's requests for judicial notice (ECF No. 33-2) be granted.
2. Plaintiff's motion for default judgment (ECF No. 33) be GRANTED, in part, as specified below:
   a. The District Judge issue an order enjoining Defendants from using Plaintiff's registrations, specifically, U.S. Reg. No. 4955575 and U.S. Reg. No. 4166527.
   b. Judgment be entered in favor of Plaintiff Renova Energy Corp. against Defendants Salvador Cuevas; Renova Home Improvements; Renova Home Energy Solutions, Inc.; Renova Energy Efficiency, Inc.; and Renova Enterprises.
   c. Plaintiff be awarded attorneys' fees of $9,065 plus $402 in costs.
3. Plaintiff's motion for default judgment (ECF No. 33) be DENIED in all other respects.
4. And the Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\

1         The parties are advised that failure to file objections within the specified time may result

2    in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)

3    (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

5    IT IS SO ORDERED.

6        Dated:   __**January 22, 2024**__            /s/ *Erica P. Grosjean*

7                                     UNITED STATES MAGISTRATE JUDGE

# Cost Report

**Billed and Unbilled**

**RENOVA ENERGY CORPORATION / Renova Energy Corp. v. Cuevas (23933-6)**

11/13/2023

| Date | SM/Task | Service Code | Description | Attorney | Orig Qty | Orig Amt | Rev Qty | Rev Amt | Vendor | Voucher | Check No. | Check Date | Check Status | Invoice | Status |
|------|---------|--------------|-------------|----------|----------|----------|---------|---------|--------|---------|-----------|------------|--------------|---------|--------|
| 08/10/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.40 | 0.00 | 0.40 | PACER SERVICE CENTER | 3184604 | 101378 | 11/01/2022 | Cleared | 3686646 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0346448, PACER SERVICE CENTER, Invoice # 3945154-Q32022, Invoice Date 10/05/2022, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32022 | | | | | | | | | | | | | | | |
| 08/10/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.10 | 0.00 | 0.10 | PACER SERVICE CENTER | 3184604 | 101378 | 11/01/2022 | Cleared | 3686646 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0346448, PACER SERVICE CENTER, Invoice # 3945154-Q32022, Invoice Date 10/05/2022, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32022 | | | | | | | | | | | | | | | |
| 08/10/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.20 | 0.00 | 0.20 | PACER SERVICE CENTER | 3184604 | 101378 | 11/01/2022 | Cleared | 3686646 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0346448, PACER SERVICE CENTER, Invoice # 3945154-Q32022, Invoice Date 10/05/2022, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32022 | | | | | | | | | | | | | | | |
| 08/10/2022 | E110 | 00118 | Out-of-Town Travel(Other) | 3429 | 0.00 | 402.00 | 0.00 | 402.00 | MARTY READY | 3666977 | 230901132 | 09/01/2023 | Cleared | 3863643 | Billed |
| Out-of-Town Travel(Other) Marty Ready,Renova Energy Corp. v. Cuevas Other Expense Report,Pay.gov Payment - CALIFORNIA EASTERN DISTRICT COURT Pay.gov Payment - CALIFORNIA EASTERN DISTRICT COURT | | | | | | | | | | | | | | | |
| 08/11/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.20 | 0.00 | 0.20 | PACER SERVICE CENTER | 3184604 | 101378 | 11/01/2022 | Cleared | 3686646 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0346448, PACER SERVICE CENTER, Invoice # 3945154-Q32022, Invoice Date 10/05/2022, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32022 | | | | | | | | | | | | | | | |
| 08/23/2022 | E112 | 00065 | Court costs | 3429 | 0.00 | 63.20 | 0.00 | 63.20 | FIRST LEGAL NETWORK, LLC | 3144902 | 128310 | 10/26/2022 | Cleared | 3654963 | Billed |
| Court costs, A/P Batch - 0344040, FIRST LEGAL NETWORK, LLC, Invoice # 50103810, Invoice Date 08/23/2022, e-file | | | | | | | | | | | | | | | |
| 08/23/2022 | E112 | 00065 | Court costs | 3429 | 0.00 | 63.20 | 0.00 | 63.20 | FIRST LEGAL NETWORK, LLC | 3144907 | 128310 | 10/26/2022 | Cleared | 3654963 | Billed |
| Court costs, A/P Batch - 0344040, FIRST LEGAL NETWORK, LLC, Invoice # 50103808, Invoice Date 08/23/2022, e-file | | | | | | | | | | | | | | | |
| 08/23/2022 | E112 | 00065 | Court costs | 3429 | 0.00 | 233.40 | 0.00 | 233.40 | FIRST LEGAL NETWORK, LLC | 3144910 | 128310 | 10/26/2022 | Cleared | 3654963 | Billed |
| Court costs, A/P Batch - 0344040, FIRST LEGAL NETWORK, LLC, Invoice # 50103809, Invoice Date 08/23/2022, e-file | | | | | | | | | | | | | | | |
| 08/23/2022 | E112 | 00065 | Court costs | 3429 | 0.00 | 63.20 | 0.00 | 63.20 | FIRST LEGAL NETWORK, LLC | 3144911 | 128310 | 10/26/2022 | Cleared | 3654963 | Billed |
| Court costs, A/P Batch - 0344040, FIRST LEGAL NETWORK, LLC, Invoice # 50103811, Invoice Date 08/23/2022, e-file | | | | | | | | | | | | | | | |
| 08/23/2022 | E112 | 00065 | Court costs | 3429 | 0.00 | 63.20 | 0.00 | 63.20 | FIRST LEGAL NETWORK, LLC | 3144917 | 128310 | 10/26/2022 | Cleared | 3654963 | Billed |
| Court costs, A/P Batch - 0344040, FIRST LEGAL NETWORK, LLC, Invoice # 50103812, Invoice Date 08/23/2022, e-file | | | | | | | | | | | | | | | |
| 08/31/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.60 | 0.00 | 0.60 | PACER SERVICE CENTER | 3184604 | 101378 | 11/01/2022 | Cleared | 3686646 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0346448, PACER SERVICE CENTER, Invoice # 3945154-Q32022, Invoice Date 10/05/2022, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32022 | | | | | | | | | | | | | | | |
| 11/07/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.20 | 0.00 | 0.20 | PACER SERVICE CENTER | 3280035 | 103201 | 02/03/2023 | Cleared | 3744778 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0350556, PACER SERVICE CENTER, Invoice # 3945154-Q42022, Invoice Date 01/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q42022 | | | | | | | | | | | | | | | |
| 11/08/2022 | E106 | 00123 | Lexis - Online Research | 3429 | 0.00 | 4.95 | 0.00 | 4.95 | RELX INC. | 3239242 | 202301042 | 01/09/2023 | Cleared | 3734922 | Billed |
| Lexis - Online Research, A/P Batch - 0349011, RELX INC., Invoice # 3094183120, Invoice Date 11/08/2022, CONTRACT PG (LN) - Litigation support 96; INV# 3094183120 30-NOV-2022 1000HWLFF | | | | | | | | | | | | | | | |
| 11/08/2022 | E106 | 00123 | Lexis - Online Research | 3429 | 0.00 | 4.75 | 0.00 | 4.75 | RELX INC. | 3239242 | 202301042 | 01/09/2023 | Cleared | 3734922 | Billed |
| Lexis - Online Research, A/P Batch - 0349011, RELX INC., Invoice # 3094183120, Invoice Date 11/08/2022, CONTRACT PG (LN) - Litigation support 96; INV# 3094183120 30-NOV-2022 1000HWLFF | | | | | | | | | | | | | | | |
| 11/08/2022 | E106 | 00123 | Lexis - Online Research | 3429 | 0.00 | 7.95 | 0.00 | 7.95 | RELX INC. | 3239242 | 202301042 | 01/09/2023 | Cleared | 3734922 | Billed |
| Lexis - Online Research, A/P Batch - 0349011, RELX INC., Invoice # 3094183120, Invoice Date 11/08/2022, CONTRACT PG (LN) - Litigation support 96; INV# 3094183120 30-NOV-2022 1000HWLFF | | | | | | | | | | | | | | | |

# Cost Report

**Billed and Unbilled**

**RENOVA ENERGY CORPORATION / Renova Energy Corp. v. Cuevas (23933-6)**

11/13/2023

| Date | SM/Task | Service Code | Description | Attorney | Orig Qty | Orig Amt | Rev Qty | Rev Amt | Vendor | Voucher | Check No. | Check Date | Check Status | Invoice | Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/08/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.20 | 0.00 | 0.20 | PACER SERVICE CENTER | 3280035 | 103201 | 02/03/2023 | Cleared | 3744778 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0350556, PACER SERVICE CENTER, Invoice # 3945154-Q42022, Invoice Date 01/03/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q42022 | | | | | | | | | | | | |
| 11/08/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 2.00 | 0.00 | 2.00 | PACER SERVICE CENTER | 3280035 | 103201 | 02/03/2023 | Cleared | 3744778 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0350556, PACER SERVICE CENTER, Invoice # 3945154-Q42022, Invoice Date 01/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q42022 | | | | | | | | | | | | |
| 11/08/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.30 | 0.00 | 0.30 | PACER SERVICE CENTER | 3280035 | 103201 | 02/03/2023 | Cleared | 3744778 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0350556, PACER SERVICE CENTER, Invoice # 3945154-Q42022, Invoice Date 01/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q42022 | | | | | | | | | | | | |
| 11/08/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 1.50 | 0.00 | 1.50 | PACER SERVICE CENTER | 3280035 | 103201 | 02/03/2023 | Cleared | 3744778 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0350556, PACER SERVICE CENTER, Invoice # 3945154-Q42022, Invoice Date 01/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q42022 | | | | | | | | | | | | |
| 12/08/2022 | E106 | 00123 | Lexis - Online Research | 3429 | 0.00 | 9.90 | 0.00 | 9.90 | RELX INC. | 3266276 | 202302045 | 02/02/2023 | Cleared | 3734922 | Billed |
| | | | Lexis - Online Research, A/P Batch - 0350026, RELX INC., Invoice # 3094233292, Invoice Date 12/08/2022, CONTRACT PG (LN) - Litigation support 96; INV# 3094233292 31-DEC-2022 1000HWLFF | | | | | | | | | | | | |
| 12/09/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 1.10 | 0.00 | 1.10 | PACER SERVICE CENTER | 3280035 | 103201 | 02/03/2023 | Cleared | 3744778 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0350556, PACER SERVICE CENTER, Invoice # 3945154-Q42022, Invoice Date 01/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q42022 | | | | | | | | | | | | |
| 12/09/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 3.00 | 0.00 | 3.00 | PACER SERVICE CENTER | 3280035 | 103201 | 02/03/2023 | Cleared | 3744778 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0350556, PACER SERVICE CENTER, Invoice # 3945154-Q42022, Invoice Date 01/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q42022 | | | | | | | | | | | | |
| 12/09/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 1.30 | 0.00 | 1.30 | PACER SERVICE CENTER | 3280035 | 103201 | 02/03/2023 | Cleared | 3744778 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0350556, PACER SERVICE CENTER, Invoice # 3945154-Q42022, Invoice Date 01/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q42022 | | | | | | | | | | | | |
| 12/13/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.30 | 0.00 | 0.30 | PACER SERVICE CENTER | 3280035 | 103201 | 02/03/2023 | Cleared | 3744778 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0350556, PACER SERVICE CENTER, Invoice # 3945154-Q42022, Invoice Date 01/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q42022 | | | | | | | | | | | | |
| 12/13/2022 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.20 | 0.00 | 0.20 | PACER SERVICE CENTER | 3280035 | 103201 | 02/03/2023 | Cleared | 3744778 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0350556, PACER SERVICE CENTER, Invoice # 3945154-Q42022, Invoice Date 01/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q42022 | | | | | | | | | | | | |
| 02/13/2023 | E106 | 00123 | Lexis - Online Research | 3429 | 0.00 | 9.90 | 0.00 | 9.90 | RELX INC. | 3348200 | 202304048 | 04/04/2023 | Cleared | 3775275 | Billed |
| | | | Lexis - Online Research, A/P Batch - 0352960, RELX INC., Invoice # 3094362087, Invoice Date 02/13/2023, CONTRACT PG (LN) - Litigation support 96; INV# 3094362087 28-FEB-2023 1000HWLFF | | | | | | | | | | | | |
| 02/13/2023 | E106 | 00123 | Lexis - Online Research | 3429 | 0.00 | 10.60 | 0.00 | 10.60 | RELX INC. | 3348200 | 202304048 | 04/04/2023 | Cleared | 3775275 | Billed |
| | | | Lexis - Online Research, A/P Batch - 0352960, RELX INC., Invoice # 3094362087, Invoice Date 02/13/2023, CONTRACT PG (LN) - Litigation support 96; INV# 3094362087 28-FEB-2023 1000HWLFF | | | | | | | | | | | | |
| 02/13/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.20 | 0.00 | 0.20 | PACER SERVICE CENTER | 3408986 | 104808 | 05/04/2023 | Cleared | 3797687 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0354826, PACER SERVICE CENTER, Invoice # 3945154-Q12023, Invoice Date 04/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q12023 | | | | | | | | | | | | |
| 02/13/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.50 | 0.00 | 0.50 | PACER SERVICE CENTER | 3408986 | 104808 | 05/04/2023 | Cleared | 3797687 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0354826, PACER SERVICE CENTER, Invoice # 3945154-Q12023, Invoice Date 04/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q12023 | | | | | | | | | | | | |
| 02/13/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.30 | 0.00 | 0.30 | PACER SERVICE CENTER | 3408986 | 104808 | 05/04/2023 | Cleared | 3797687 | Billed |

| Date | SM/Task | Service Code | Description | Attorney | Orig Qty | Orig Amt | Rev Qty | Rev Amt | Vendor | Voucher | Check No. | Check Date | Check Status | Invoice | Status |
|------|---------|--------------|-------------|----------|----------|----------|---------|---------|--------|---------|-----------|------------|--------------|---------|--------|
| | | | Pacer Service Center-Court costs, A/P Batch - 0354826, PACER SERVICE CENTER, Invoice # 3945154-Q12023, Invoice Date 04/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q12023 | | | | | | | | | | | | |
| 02/13/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.30 | 0.00 | 0.30 | PACER SERVICE CENTER | 3408986 | 104808 | 05/04/2023 | Cleared | 3797687 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0354826, PACER SERVICE CENTER, Invoice # 3945154-Q12023, Invoice Date 04/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q12023 | | | | | | | | | | | | |
| 02/13/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.30 | 0.00 | 0.30 | PACER SERVICE CENTER | 3408986 | 104808 | 05/04/2023 | Cleared | 3797687 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0354826, PACER SERVICE CENTER, Invoice # 3945154-Q12023, Invoice Date 04/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q12023 | | | | | | | | | | | | |
| 02/13/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.30 | 0.00 | 0.30 | PACER SERVICE CENTER | 3408986 | 104808 | 05/04/2023 | Cleared | 3797687 | Billed |
| 04/12/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 328.55 | 0.00 | 328.55 | FIRST LEGAL NETWORK, LLC | 3465071 | 142881 | 07/12/2023 | Cleared | 3812235 | Billed |
| | | | Court costs, A/P Batch - 0356416, FIRST LEGAL NETWORK, LLC, Invoice # 50119152, Invoice Date 05/08/2023, e-file | | | | | | | | | | | | |
| 04/12/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 72.10 | 0.00 | 72.10 | FIRST LEGAL NETWORK, LLC | 3465072 | 142881 | 07/12/2023 | Cleared | 3812235 | Billed |
| | | | Court costs, A/P Batch - 0356416, FIRST LEGAL NETWORK, LLC, Invoice # 50119153, Invoice Date 05/08/2023, e-file | | | | | | | | | | | | |
| 04/12/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 72.10 | 0.00 | 72.10 | FIRST LEGAL NETWORK, LLC | 3465073 | 142881 | 07/12/2023 | Cleared | 3812235 | Billed |
| | | | Court costs, A/P Batch - 0356416, FIRST LEGAL NETWORK, LLC, Invoice # 50119154, Invoice Date 05/08/2023, e-file | | | | | | | | | | | | |
| 04/12/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 72.10 | 0.00 | 72.10 | FIRST LEGAL NETWORK, LLC | 3465074 | 142881 | 07/12/2023 | Cleared | 3812235 | Billed |
| | | | Court costs, A/P Batch - 0356416, FIRST LEGAL NETWORK, LLC, Invoice # 50119155, Invoice Date 05/08/2023, e-file | | | | | | | | | | | | |
| 04/12/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 72.10 | 0.00 | 72.10 | FIRST LEGAL NETWORK, LLC | 3465075 | 142881 | 07/12/2023 | Cleared | 3812235 | Billed |
| | | | Court costs, A/P Batch - 0356416, FIRST LEGAL NETWORK, LLC, Invoice # 50119156, Invoice Date 05/08/2023, e-file | | | | | | | | | | | | |
| 04/21/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 212.91 | 0.00 | 212.91 | FIRST LEGAL NETWORK, LLC | 3451405 | 141746 | 06/21/2023 | Cleared | 3812235 | Billed |
| | | | Court costs, A/P Batch - 0356046, FIRST LEGAL NETWORK, LLC, Invoice # 50118055A, Invoice Date 04/23/2023, e-file | | | | | | | | | | | | |
| 04/21/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 72.10 | 0.00 | 72.10 | FIRST LEGAL NETWORK, LLC | 3466400 | 141746 | 06/21/2023 | Cleared | 3812235 | Billed |
| | | | Court costs, A/P Batch - 0356451, FIRST LEGAL NETWORK, LLC, Invoice # 50118906A, Invoice Date 04/30/2023, e-file | | | | | | | | | | | | |
| 04/21/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 72.10 | 0.00 | 72.10 | FIRST LEGAL NETWORK, LLC | 3466401 | 141746 | 06/21/2023 | Cleared | 3812235 | Billed |
| | | | Court costs, A/P Batch - 0356451, FIRST LEGAL NETWORK, LLC, Invoice # 50118907A, Invoice Date 04/30/2023, e-file | | | | | | | | | | | | |
| 04/21/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 72.10 | 0.00 | 72.10 | FIRST LEGAL NETWORK, LLC | 3471441 | 141746 | 06/21/2023 | Cleared | 3812235 | Billed |
| | | | Court costs, A/P Batch - 0356601, FIRST LEGAL NETWORK, LLC, Invoice # 50118908A, Invoice Date 04/30/2023, court fees | | | | | | | | | | | | |
| 04/25/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 65.50 | 0.00 | 65.50 | FIRST LEGAL INVESTIGATIONS | 3466396 | 141747 | 06/21/2023 | Cleared | 3812235 | Billed |
| | | | Court costs, A/P Batch - 0356451, FIRST LEGAL INVESTIGATIONS, Invoice # 66105A, Invoice Date 04/30/2023, e-file | | | | | | | | | | | | |
| 04/25/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 65.50 | 0.00 | 65.50 | FIRST LEGAL INVESTIGATIONS | 3466397 | 141747 | 06/21/2023 | Cleared | 3812235 | Billed |

# Cost Report

**Billed and Unbilled**

**RENOVA ENERGY CORPORATION / Renova Energy Corp. v. Cuevas (23933-6)**

11/13/2023

| Date | SM/Task | Service Code | Description | Attorney | Orig Qty | Orig Amt | Rev Qty | Rev Amt | Vendor | Voucher | Check No. | Check Date | Check Status | Invoice | Status |
|------|---------|--------------|-------------|----------|----------|----------|---------|---------|--------|---------|-----------|------------|--------------|---------|--------|
| Court costs, A/P Batch - 0356451, FIRST LEGAL INVESTIGATIONS, Invoice # 66106A, Invoice Date 04/30/2023, e-file | | | | | | | | | | | | | | | |
| 04/25/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 65.50 | 0.00 | 65.50 | FIRST LEGAL INVESTIGATIONS | 3466398 | 141747 | 06/21/2023 | Cleared | 3812235 | Billed |
| Court costs, A/P Batch - 0356451, FIRST LEGAL INVESTIGATIONS, Invoice # 66107A, Invoice Date 04/30/2023, e-file | | | | | | | | | | | | | | | |
| 04/25/2023 | E112 | 00065 | Court costs | 3429 | 0.00 | 65.50 | 0.00 | 65.50 | FIRST LEGAL INVESTIGATIONS | 3466399 | 141747 | 06/21/2023 | Cleared | 3812235 | Billed |
| Court costs, A/P Batch - 0356451, FIRST LEGAL INVESTIGATIONS, Invoice # 66108A, Invoice Date 04/30/2023, e-file | | | | | | | | | | | | | | | |
| 05/02/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 1.50 | 0.00 | 1.50 | PACER SERVICE CENTER | 3568622 | 106343 | 08/02/2023 | Cleared | 3845122 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0358915, PACER SERVICE CENTER, Invoice # 3945154-Q22023, Invoice Date 07/05/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q22023 | | | | | | | | | | | | | | | |
| 06/07/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.30 | 0.00 | 0.30 | PACER SERVICE CENTER | 3568622 | 106343 | 08/02/2023 | Cleared | 3845122 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0358915, PACER SERVICE CENTER, Invoice # 3945154-Q22023, Invoice Date 07/05/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q22023 | | | | | | | | | | | | | | | |
| 06/07/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 1.50 | 0.00 | 1.50 | PACER SERVICE CENTER | 3568622 | 106343 | 08/02/2023 | Cleared | 3845122 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0358915, PACER SERVICE CENTER, Invoice # 3945154-Q22023, Invoice Date 07/05/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q22023 | | | | | | | | | | | | | | | |
| 06/07/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.30 | 0.00 | 0.30 | PACER SERVICE CENTER | 3568622 | 106343 | 08/02/2023 | Cleared | 3845122 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0358915, PACER SERVICE CENTER, Invoice # 3945154-Q22023, Invoice Date 07/05/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q22023 | | | | | | | | | | | | | | | |
| 06/07/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 1.50 | 0.00 | 1.50 | PACER SERVICE CENTER | 3568622 | 106343 | 08/02/2023 | Cleared | 3845122 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0358915, PACER SERVICE CENTER, Invoice # 3945154-Q22023, Invoice Date 07/05/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q22023 | | | | | | | | | | | | | | | |
| 06/07/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.20 | 0.00 | 0.20 | PACER SERVICE CENTER | 3568622 | 106343 | 08/02/2023 | Cleared | 3845122 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0358915, PACER SERVICE CENTER, Invoice # 3945154-Q22023, Invoice Date 07/05/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q22023 | | | | | | | | | | | | | | | |
| 06/07/2023 | E106 | 00123 | Lexis - Online Research | 3429 | 0.00 | 19.80 | 0.00 | 19.80 | RELX INC. | 3587283 | 202308047 | 08/02/2023 | Cleared | 3845122 | Billed |
| Lexis - Online Research, A/P Batch - 0359384, RELX INC., Invoice # 3094537677, Invoice Date 06/07/2023, CONTRACT PG (LN) - Litigation support 96; INV# 3094537677 30-JUN-2023 1000HWLFF | | | | | | | | | | | | | | | |
| 07/06/2023 | E106 | 00123 | Lexis - Online Research | 3429 | 0.00 | 19.80 | 0.00 | 19.80 | RELX INC. | 3654498 | 202309067 | 09/06/2023 | Cleared | 3863643 | Billed |
| Lexis - Online Research, A/P Batch - 0361003, RELX INC., Invoice # 3094590763, Invoice Date 07/06/2023, CONTRACT PG (LN) - Litigation support 96; INV# 3094590763 31-JUL-2023 1000HWLFF | | | | | | | | | | | | | | | |
| 07/06/2023 | E106 | 00123 | Lexis - Online Research | 3429 | 0.00 | 30.00 | 0.00 | 30.00 | RELX INC. | 3654498 | 202309067 | 09/06/2023 | Cleared | 3863643 | Billed |
| Lexis - Online Research, A/P Batch - 0361003, RELX INC., Invoice # 3094590763, Invoice Date 07/06/2023, CONTRACT PG (LN) - Litigation support 96; INV# 3094590763 31-JUL-2023 1000HWLFF | | | | | | | | | | | | | | | |
| 07/06/2023 | E106 | 00123 | Lexis - Online Research | 3429 | 0.00 | 5.00 | 0.00 | 5.00 | RELX INC. | 3654498 | 202309067 | 09/06/2023 | Cleared | 3863643 | Billed |
| Lexis - Online Research, A/P Batch - 0361003, RELX INC., Invoice # 3094590763, Invoice Date 07/06/2023, CONTRACT PG (LN) - Litigation support 96; INV# 3094590763 31-JUL-2023 1000HWLFF | | | | | | | | | | | | | | | |
| 07/06/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.40 | 0.00 | 0.40 | PACER SERVICE CENTER | 3795746 | 108177 | 11/07/2023 | | 3904894 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0364146, PACER SERVICE CENTER, Invoice # 3945154-Q32023, Invoice Date 10/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32023 | | | | | | | | | | | | | | | |
| 07/06/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 1.90 | 0.00 | 1.90 | PACER SERVICE CENTER | 3795746 | 108177 | 11/07/2023 | | 3904894 | Billed |
| Pacer Service Center-Court costs, A/P Batch - 0364146, PACER SERVICE CENTER, Invoice # 3945154-Q32023, Invoice Date 10/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32023 | | | | | | | | | | | | | | | |
| 07/07/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.10 | 0.00 | 0.10 | PACER SERVICE CENTER | 3795746 | 108177 | 11/07/2023 | | 3904894 | Billed |

# Cost Report

Billed and Unbilled

Case 1:22-cv-00099-JLT-EPG   Document 135-1   Filed 11/28/23   Page 263 of 268

RENOVA ENERGY CORPORATION / Renova Energy Corp. v. Cuevas (23933-6)                                                                                              11/13/2023

| Date | SM/Task | Service Code | Description | Attorney | Orig Qty | Orig Amt | Rev Qty | Rev Amt | Vendor | Voucher | Check No. | Check Date | Check Status | Invoice | Status |
|------|---------|--------------|-------------|----------|----------|----------|---------|---------|--------|---------|-----------|------------|--------------|---------|--------|
| | | | Pacer Service Center-Court costs, A/P Batch - 0364146, PACER SERVICE CENTER, Invoice # 3945154-Q32023, Invoice Date 10/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32023 | | | | | | | | | | | | |
| 07/07/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.30 | 0.00 | 0.30 | PACER SERVICE CENTER | 3795746 | 108177 | 11/07/2023 | | 3904894 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0364146, PACER SERVICE CENTER, Invoice # 3945154-Q32023, Invoice Date 10/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32023 | | | | | | | | | | | | |
| 07/07/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.30 | 0.00 | 0.30 | PACER SERVICE CENTER | 3795746 | 108177 | 11/07/2023 | | 3904894 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0364146, PACER SERVICE CENTER, Invoice # 3945154-Q32023, Invoice Date 10/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32023 | | | | | | | | | | | | |
| 07/07/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.10 | 0.00 | 0.10 | PACER SERVICE CENTER | 3795746 | 108177 | 11/07/2023 | | 3904894 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0364146, PACER SERVICE CENTER, Invoice # 3945154-Q32023, Invoice Date 10/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32023 | | | | | | | | | | | | |
| 07/07/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 1.20 | 0.00 | 1.20 | PACER SERVICE CENTER | 3795746 | 108177 | 11/07/2023 | | 3904894 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0364146, PACER SERVICE CENTER, Invoice # 3945154-Q32023, Invoice Date 10/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32023 | | | | | | | | | | | | |
| 07/07/2023 | E112 | 00141 | Pacer Service Center-Court costs | 3429 | 0.00 | 0.40 | 0.00 | 0.40 | PACER SERVICE CENTER | 3795746 | 108177 | 11/07/2023 | | 3904894 | Billed |
| | | | Pacer Service Center-Court costs, A/P Batch - 0364146, PACER SERVICE CENTER, Invoice # 3945154-Q32023, Invoice Date 10/04/2023, Pacer Service Center-Court costs 96;PACER SERVICE INV# 3945154-Q32023 | | | | | | | | | | | | |
| **Report Totals:** | | | | | **0.00** | **2,342.51** | **0.00** | **2,342.51** | | | | | | | |

Page 5

# Time Report

**Billed and Unbilled**

**RENOVA ENERGY CORPORATION / Renova Energy Corp. v. Cuevas (23933-6)**

11/13/2023

| Date | SM/Task | Attorney | Name | Staff Level | Description | Rate | Orig Hrs | Orig Amt | Orig Rate | Rev Hrs | Rev Amt | Rev Rate | Service | Activity | Invoice | Status |
|------|---------|----------|------|-------------|-------------|------|----------|----------|-----------|---------|---------|----------|---------|----------|---------|--------|
| 09/25/2022 | L210 | 3429 | READY M | 00035 | COUNSEL | B | 0.30 | 148.50 | 495.00 | 0.30 | 148.50 | 495.00 | 10099 | A104 | 3686646 | Billed |
| Prepare for filing motion for default judgment and gathering information needed for declaration in support thereof. | | | | | | | | | | | | | | | | |
| 10/04/2022 | L210 | 3429 | READY M | 00035 | COUNSEL | B | 0.50 | 247.50 | 495.00 | 0.50 | 247.50 | 495.00 | 10099 | A108 | 3686646 | Billed |
| Telephone call with Gerardo Hernandez, purported bankruptcy counsel for Mr. Cuevas, to determine next steps and evaluate default judgment. | | | | | | | | | | | | | | | | |
| 11/07/2022 | L250 | 3429 | READY M | 00035 | COUNSEL | B | 1.10 | 544.50 | 495.00 | 1.10 | 544.50 | 495.00 | 10099 | A103 | 3710454 | Billed |
| Prepare request for entry of clerk's default for filing and in preparation for filing motion for default judgment. | | | | | | | | | | | | | | | | |
| 11/07/2022 | L250 | 3429 | READY M | 00035 | COUNSEL | B | 1.20 | 594.00 | 495.00 | 1.20 | 594.00 | 495.00 | 10099 | A103 | 3710454 | Billed |
| Draft letter to Mr. Adlan as follow up to cease and desist letter and review potential contacts and mailing addresses to ensure delivery and receipt. | | | | | | | | | | | | | | | | |
| 11/07/2022 | L250 | 3429 | READY M | 00035 | COUNSEL | B | 0.40 | 198.00 | 495.00 | 0.40 | 198.00 | 495.00 | 10099 | A104 | 3710454 | Billed |
| Review clerk's entry of our request for default and begin evaluating motion for default judgment and types of damages subject to proof to advise client accordingly. | | | | | | | | | | | | | | | | |
| 11/08/2022 | L250 | 3429 | READY M | 00035 | COUNSEL | B | 0.20 | 99.00 | 495.00 | 0.20 | 99.00 | 495.00 | 10099 | A106 | 3710454 | Billed |
| Prepare email communication to client Lisa Battaglia advising of information needed in aid of preparing motion for default judgment. | | | | | | | | | | | | | | | | |
| 12/06/2022 | L250 | 3429 | READY M | 00035 | COUNSEL | B | 0.10 | 49.50 | 495.00 | 0.10 | 49.50 | 495.00 | 10099 | A108 | 3734922 | Billed |
| Prepare email communication to opposing party Salvador Cuevas advising of the clerk's entry of default and our anticipate motion for default judgment. | | | | | | | | | | | | | | | | |
| 12/06/2022 | L250 | 3429 | READY M | 00035 | COUNSEL | B | 3.20 | 1,584.00 | 495.00 | 3.20 | 1,584.00 | 495.00 | 10099 | A104 | 3734922 | Billed |
| Review authority for entry of default judgment based on trademark infringement in aid of preparing motion thereon. | | | | | | | | | | | | | | | | |
| 12/06/2022 | L250 | 3429 | READY M | 00035 | COUNSEL | B | 1.30 | 643.50 | 495.00 | 1.30 | 643.50 | 495.00 | 10099 | A103 | 3734922 | Billed |
| Prepare outline of arguments for motion for entry of default judgment. | | | | | | | | | | | | | | | | |
| 12/08/2022 | L250 | 3429 | READY M | 00035 | COUNSEL | B | 4.70 | 2,326.50 | 495.00 | 4.70 | 2,326.50 | 495.00 | 10099 | A103 | 3734922 | Billed |
| Research social media platforms for instances of continued infringing marks of defendants in support of motion for entry of default (1.5); draft motion for entry of default judgment (3.2). | | | | | | | | | | | | | | | | |
| 12/09/2022 | L250 | 3429 | READY M | 00035 | COUNSEL | B | 5.20 | 2,574.00 | 495.00 | 5.20 | 2,574.00 | 495.00 | 10099 | A103 | 3734922 | Billed |
| Draft and revise 11 page motion for entry of default judgment, supporting declaration, and request for judicial notice. | | | | | | | | | | | | | | | | |
| 12/13/2022 | L250 | 3429 | READY M | 00035 | COUNSEL | B | 0.20 | 99.00 | 495.00 | 0.20 | 99.00 | 495.00 | 10099 | A106 | 3734922 | Billed |
| Prepare email communication to client Lisa Battaglia advising of status of trademark matters as well as pending motion for entry of default judgment. | | | | | | | | | | | | | | | | |
| 12/20/2022 | L120 | 3429 | READY M | 00035 | COUNSEL | B | 0.10 | 49.50 | 495.00 | 0.10 | 49.50 | 495.00 | 10099 | A106 | 3734922 | Billed |
| Prepare email communication to client Lisa Battaglia to provide additional information needed for overall IP protection and portfolio. | | | | | | | | | | | | | | | | |
| 01/24/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.10 | 49.50 | 495.00 | 0.10 | 49.50 | 495.00 | 10099 | A106 | 3744778 | Billed |
| Prepare email communication to client Lisa Battaglia advising of court order regarding service on defendants and supplemental briefing. | | | | | | | | | | | | | | | | |
| 01/25/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.80 | 396.00 | 495.00 | 0.80 | 396.00 | 495.00 | 10099 | A107 | 3744778 | Billed |
| Telephone call with client Lisa Battaglia regarding trademark enforcement matters and strategy to deal with each. | | | | | | | | | | | | | | | | |
| 01/25/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.90 | 445.50 | 495.00 | 0.90 | 445.50 | 495.00 | 10099 | A104 | 3744778 | Billed |
| Review materials provided by client and perform research in aid of resolving 6 trademark enforcement matters. | | | | | | | | | | | | | | | | |
| 02/02/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.10 | 49.50 | 495.00 | 0.10 | 49.50 | 495.00 | 10099 | A106 | 3763291 | Billed |
| Prepare email communication to client Lisa Battaglia to discuss strategy for Mexico cease and desist and/or enforcement action. | | | | | | | | | | | | | | | | |
| 02/09/2023 | L120 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.10 | 49.50 | 495.00 | 0.10 | 49.50 | 495.00 | 10099 | A108 | 3763291 | Billed |
| Prepare email communication to Mexico counsel regarding enforcement action for trademark to advise client accordingly. | | | | | | | | | | | | | | | | |
| 02/13/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 6.50 | 3,217.50 | 495.00 | 6.50 | 3,217.50 | 495.00 | 10099 | A103 | 3763291 | Billed |

| Date | SM/Task | Attorney | Name | Staff Level | Description | Rate | Orig Hrs | Orig Amt | Orig Rate | Rev Hrs | Rev Amt | Rev Rate | Service | Activity | Invoice | Status |
|------|---------|----------|------|-------------|-------------|------|----------|----------|-----------|---------|---------|----------|---------|----------|---------|--------|
| | | | | | Research evidence needed in support of proper service under Rule 4 and per California law to prepare supplemental draft as required by Court (1.4); Draft supplemental brief as ordered by court regarding service on defendants in support of our motion for default judgment as well as request for judicial notice and declaration in support thereof (5.1). | | | | | | | | | | | |
| 02/16/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.10 | 49.50 | 495.00 | 0.10 | 49.50 | 495.00 | 10099 | A106 | 3763291 | Billed |
| | | | | | Review fee schedule from Mexico counsel and advise client accordingly. | | | | | | | | | | | |
| 03/02/2023 | L210 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.80 | 396.00 | 495.00 | 0.80 | 396.00 | 495.00 | 10099 | A104 | 3775275 | Billed |
| | | | | | Evaluate potential infringers of client's trademarks from entities located in Texas, California, and Mexico to advise client accordingly as to next steps. | | | | | | | | | | | |
| 03/20/2023 | L120 | 3429 | READY M | 00040 | PARTNERS - II | B | 1.70 | 841.50 | 495.00 | 1.70 | 841.50 | 495.00 | 10099 | A104 | 3775275 | Billed |
| | | | | | Review 6 matters of potential trademark infringement and prior communication from inhouse counsel as well as update searches performed of entities at issue to prepare additional letters and advise client accordingly with respect to next steps. | | | | | | | | | | | |
| 03/21/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 1.00 | 495.00 | 495.00 | 1.00 | 495.00 | 495.00 | 10099 | A106 | 3775275 | Billed |
| | | | | | Telephone call with Lisa Battaglia regarding objecting to Magistrate's recommendation and developing strategy for additional cease and desist letters to potential infringers. | | | | | | | | | | | |
| 03/23/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 1.70 | 841.50 | 495.00 | 1.70 | 841.50 | 495.00 | 10099 | A103 | 3775275 | Billed |
| | | | | | Draft and revise objections to Magistrate Judge's Finding and Recommendations pursuant to discussions with client Lisa Battaglia. | | | | | | | | | | | |
| 04/03/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.20 | 99.00 | 495.00 | 0.20 | 99.00 | 495.00 | 10099 | A106 | 3797687 | Billed |
| | | | | | Prepare email communication to client Lisa Battaglia in light of review of information provided by Clarke Modet to advise accordingly as to potential infringer. | | | | | | | | | | | |
| 04/04/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.10 | 49.50 | 495.00 | 0.10 | 49.50 | 495.00 | 10099 | A106 | 3797687 | Billed |
| | | | | | Prepare email communication to client Lisa Battaglia regarding strategy for dealing with potential infringer in Cabo San Lucas Mexico. | | | | | | | | | | | |
| 04/11/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.10 | 49.50 | 495.00 | 0.10 | 49.50 | 495.00 | 10099 | A108 | 3797687 | Billed |
| | | | | | Prepare email communication to Mexico counsel regarding inquiry of potential infringer in Cabo San Lucas to advise of client's position. | | | | | | | | | | | |
| 04/12/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.50 | 247.50 | 495.00 | 0.50 | 247.50 | 495.00 | 10099 | A104 | 3797687 | Billed |
| | | | | | Consider order on our motion for default judgment to inform service of summons on registered agent and individual. | | | | | | | | | | | |
| 04/20/2023 | L210 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.40 | 198.00 | 495.00 | 0.40 | 198.00 | 495.00 | 10099 | A106 | 3797687 | Billed |
| | | | | | Telephone call with client Lisa Battaglia to develop strategy for dealing with potential and current infringers of company trademarks. | | | | | | | | | | | |
| 04/24/2023 | L210 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.20 | 99.00 | 495.00 | 0.20 | 99.00 | 495.00 | 10099 | A104 | 3797687 | Billed |
| | | | | | Consider strategy for service of summon and response to order to show cause to prepare for filing motion for default judgment again. | | | | | | | | | | | |
| 04/25/2023 | L330 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.20 | 99.00 | 495.00 | 0.20 | 99.00 | 495.00 | 10099 | A104 | 3797687 | Billed |
| | | | | | Review communications from process server to evaluate next steps and advise client accordingly to accomplish service on defendants. | | | | | | | | | | | |
| 04/26/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.80 | 396.00 | 495.00 | 0.80 | 396.00 | 495.00 | 10099 | A103 | 3797687 | Billed |
| | | | | | Draft response to order to show cause to obtain extension to service defendants. | | | | | | | | | | | |
| 05/02/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.40 | 198.00 | 495.00 | 0.40 | 198.00 | 495.00 | 10099 | A104 | 3812235 | Billed |
| | | | | | Review affidavits of service from process server to ensure compliant with Rule 4 in aid of refiling motion for default judgment. | | | | | | | | | | | |
| 05/17/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.10 | 49.50 | 495.00 | 0.10 | 49.50 | 495.00 | 10099 | A106 | 3812235 | Billed |
| | | | | | Prepare email communication to client Lisa Battaglia regarding availability of fees and costs after default judgment. | | | | | | | | | | | |
| 06/06/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.90 | 445.50 | 495.00 | 0.90 | 445.50 | 495.00 | 10099 | A106 | 3831081 | Billed |
| | | | | | Telephone call with client Lisa Battaglia to discuss strategy for trademark enforcement and litigation. | | | | | | | | | | | |
| 06/06/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 1.30 | 643.50 | 495.00 | 1.30 | 643.50 | 495.00 | 10099 | A104 | 3831081 | Billed |
| | | | | | Conduct further research on potential trademark infringers as identified by client to gather information in aid of evaluating whether further cease and desist letters warranted or complaint filing. | | | | | | | | | | | |
| 06/07/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.30 | 148.50 | 495.00 | 0.30 | 148.50 | 495.00 | 10099 | A103 | 3831081 | Billed |

RENOVA ENERGY CORPORATION / Renova Energy Corp. v. Cuevas (23933-6)                                                                                                11/13/2023

| Date | SM/Task | Attorney | Name | Staff Level | Description | Rate | Orig Hrs | Orig Amt | Orig Rate | Rev Hrs | Rev Amt | Rev Rate | Service | Activity | Invoice | Status |
|------|---------|----------|------|-------------|-------------|------|----------|----------|-----------|---------|---------|----------|---------|----------|---------|--------|
| | | | | | Draft and revise request for entry of default to be filed in light of Defendants failure to answer or otherwise appear in the case. | | | | | | | | | | | |
| 06/07/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 1.20 | 594.00 | 495.00 | 1.20 | 594.00 | 495.00 | 10099 | A104 | 3831081 | Billed |
| | | | | | Review current status of defendant entities at secretary of state and online databases to confirm evidentiary basis for supporting proper service to include in motion for entry of default judgment. | | | | | | | | | | | |
| 06/07/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.30 | 148.50 | 495.00 | 0.30 | 148.50 | 495.00 | 10099 | A104 | 3831081 | Billed |
| | | | | | Review docket and order from the clerk and court regarding entry of default in aid of refiling our motion for entry of default judgment to advise client accordingly. | | | | | | | | | | | |
| 06/14/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.20 | 99.00 | 495.00 | 0.20 | 99.00 | 495.00 | 10099 | A106 | 3831081 | Billed |
| | | | | | Email exchange with client Lisa Battaglia regarding status of application at USPTO. | | | | | | | | | | | |
| 06/21/2023 | L120 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.50 | 247.50 | 495.00 | 0.50 | 247.50 | 495.00 | 10099 | A104 | 3831081 | Billed |
| | | | | | Review information provided by client regarding registered mark to evaluate impact to client if certain marks register and advise accordingly. | | | | | | | | | | | |
| 07/06/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 2.30 | 1,138.50 | 495.00 | 2.30 | 1,138.50 | 495.00 | 10099 | A104 | 3845122 | Billed |
| | | | | | Review additional authority for finding trademark infringement matter exception to entitle client to attorneys' fees and cost in aid of drafting motion for entry of default judgment. | | | | | | | | | | | |
| 07/07/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 4.70 | 2,326.50 | 495.00 | 4.70 | 2,326.50 | 495.00 | 10099 | A103 | 3845122 | Billed |
| | | | | | Draft motion for entry of default judgment and supporting attorney declaration as to attorneys' fees to ensure motion particularizes relief requested and support therefor as requested by court order. | | | | | | | | | | | |
| 08/07/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.30 | 148.50 | 495.00 | 0.30 | 148.50 | 495.00 | 10099 | A104 | 3863643 | Billed |
| | | | | | Review trademark at issue and prepare for call with client Lisa Battaglia next week to discuss as well as evaluate motion for default judgment in Cuevas. | | | | | | | | | | | |
| 08/14/2023 | L120 | 3429 | READY M | 00040 | PARTNERS - II | B | 2.10 | 1,039.50 | 495.00 | 2.10 | 1,039.50 | 495.00 | 10099 | A106 | 3863643 | Billed |
| | | | | | Zoom conference with client Lisa Battaglia to discuss all open and potential trademark disputes as well as strategy going forward with IP portfolio. | | | | | | | | | | | |
| 08/22/2023 | L210 | 3358 | AVENI D J | 00030 | PARTNERS - I | B | 0.20 | 119.00 | 595.00 | 0.20 | 119.00 | 595.00 | 10099 | A101 | 3863643 | Billed |
| | | | | | Confer with Ready regarding status of default | | | | | | | | | | | |
| 10/04/2023 | L120 | 3429 | READY M | 00040 | PARTNERS - II | B | 1.10 | 544.50 | 495.00 | 1.10 | 544.50 | 495.00 | 10099 | A104 | 3904894 | Billed |
| | | | | | Review potential trademark infringers in California and Texas, edit cease and desist letter, and prepare template for non-exclusive free license for client. | | | | | | | | | | | |
| 10/17/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.40 | 198.00 | 495.00 | 0.40 | 198.00 | 495.00 | 10099 | A104 | 3904894 | Billed |
| | | | | | Review order from court regarding continued briefing in aid of our motion for entry of default judgment. | | | | | | | | | | | |
| 11/06/2023 | L250 | 3429 | READY M | 00040 | PARTNERS - II | B | 0.70 | 346.50 | 495.00 | 0.70 | 346.50 | 495.00 | 10099 | A104 | 0 | Unbilled |
| | | | | | Review order of court and draft ex parte application to provide sufficient time to prepare additional briefing on Sleekcraft factors related to likelihood of confusion. | | | | | | | | | | | |
| **Report Totals:** | | | | | | | **51.80** | **25,661.00** | | **51.80** | **25,661.00** | | | | | |